THE CITY OF CANTON, Appellee, *vs.* THE ILLINOIS CENTRAL ELECTRIC RAILWAY, Appellant.    ·

*Opinion filed February 16, 1916—Rehearing denied April 7, 1916.*

1. MUNICIPAL CORPORATIONS—*ordinance allowing construction of a railway becomes a contract on acceptance.*  If an ordinance granting the right to construct and operate a railway in the streets of a city is accepted by the railway company and the railway is constructed and operated in accordance with the terms of the ordinance, the ordinance becomes a contract and its obligation· cannot be impaired by either party.

2. SAME—*when railway is not a street railroad.*  A company incorporated under the general law for the incorporation of railroads and operating its cars by steam or any mechanical power, as provided in the act, stopping only at regular stations within the city provided for receiving and discharging passengers and having buildings for the accommodation of passengers where tickets are sold, is not a street railroad and does not come within the provisions of clause 42 of section 1 of article 5 of the Cities and Villages act authorizing a city to license the occupations of hackmen, cabmen, draymen and other like occupations.

3. SAME—*when city may require interurban company to pay a license on its cars.* If an interurban company operates its cars within the limits of a city in the same manner as a street railroad company, stopping on signal at every street intersected by the railway to take on and discharge passengers, who, under the ordinance granting the right to construct the railway, are carried for a fare not exceeding five cents, the city may impose a license fee, under clause 42 of section 1 of article 5 of the Cities and Villages act, on cars of the company engaged in such service.

APPEAL from the Circuit Court of Fulton county; the Hon. H. M. WAGGONER, Judge, presiding.

CHIPERFIELD & CHIPERFIELD, for appellant.

FLOYD F. PUTMAN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, the city of Canton, is organized under the general act for the incorporation of cities, villages and towns, and the appellant, Illinois Central Electric Railway, is organized under the general law for the incorporation of railroad companies, and owns, and operates by electric power, a railway thirty miles in length, from Lewistown to Farmington, passing through various cities and villages between these places, including the city of Canton. The city council of the appellee, in pursuance of a petition by the property owners owning a majority of the frontage along Main street in the city, granted the right to the appellant to lay its tracks in the street and to operate the same for a term of forty-nine years. The railway was constructed in the street and is operated therein through the city for a distance of fifteen blocks. The city passed an ordinance, section 1 of which is as follows: "Every person, company or corporation engaged in the business of operating and running street or interurban cars for the conveyance of passengers or merchandise upon or through any street within the city, shall pay a license fee of $10 per year for each

motor car operated and run by any such person, company or corporation upon any such street. Such license shall be issued only for a term of one year, and the license year shall begin on the first day of July of each year." The ordinance imposed a penalty for each car operated without a license, and provided that every day of failure or refusal to take out a license should be deemed a separate offense. The appellant operated three electric motor trolley cars for the convenience of passengers, baggage and express within the city limits over its track upon Main street and did not take out any license for the same. The appellee brought this suit in the circuit court of Fulton county to recover the penalty prescribed by the ordinance, and the issue was submitted to the court for trial without a jury, upon a stipulation of the facts. The court found the issue for the appellee, rendered a judgment for $60 and costs, and certified that the validity of the ordinance was involved in the cause and the public interest required that an appeal be allowed directly to this court.

The conditions imposed by the ordinance granting the appellant the right to construct its railway and to operate the same in Main street for a period of forty-nine years were accepted and the railway was constructed and is operated in compliance therewith, so that the ordinance has become a valid and binding contract. The contract is binding both on the municipality and the corporation, the same as any other contract, and its obligation cannot be impaired by either. (*City of Chicago* v. *Oak Park Elevated Railroad Co.* 250 Ill. 486.) The ordinance in question does not attempt to revoke the privilege granted to the appellant to lay its track in the street and operate the same there or to impose any new condition upon such use of the street, but it does attempt to require the payment by the appellant of a license fee in the nature of a tax for pursuing its occupation within the city. The question is whether the appellee has power to exact such a license fee from the appellant.

Clause 42 of section 1 of article 5 of the act under which the appellee is incorporated confers authority upon it to license, tax and regulate hackmen, draymen, omnibus drivers, carriers, cabmen, porters, expressmen and all others pursuing like occupations and to prescribe their compensation, and it was held in *Chicago Union Traction Co.* v. *City of Chicago,* 199 Ill. 484, that a street railway company pursues a like occupation with hackmen and cabmen in carrying passengers from place to place within the city, and the fact that the railway cars run upon the rails of the company creates no difference. The appellant is incorporated under the general act for the incorporation of railroad companies, and such a corporation operating its cars by steam or any mechanical power as provided in the act, stopping only at regular stations provided for receiving and discharging passengers, with buildings for their accommodation and use, where tickets are sold, is not a street railroad. (*Metropolitan Elevated Railway Co.* v. *City of Chicago,* 261 Ill. 624.) Such a corporation does not pursue a like occupation with hackmen or cabmen, and clause 42 does not give power to a city to exact a license fee or tax·from such a corporation for running its trains from station to station within the city. The difference between a railway engaged in general traffic and a street railway was defined in *Harvey* v. *Aurora and Geneva Railway Co.* 174 Ill. 295. If the appellant only stopped to discharge and take on passengers at its regular ticket station in the city of Canton its railway would come within the well understood definition of a general commercial railway; but if it also performs within the city the ordinary and usual functions of a street railway it pursues within the city limits a like occupation with hackmen or cabmen. So far as the ordinance provides for the payment of a license by every person, company or corporation engaged in the business of operating or running interurban cars for the convenience of passengers or merchandise upon or through any street within the city the ordinance is

unauthorized, but so far as it requires the payment of a license fee from a corporation operating and running street cars for the convenience of passengers within the city limits the ordinance is valid, and if the appellant is engaged in the street railway business in the city the judgment is right.

The ordinance granting the right to use the street and lay the tracks therein provided that the fare for each continuous trip within the city limits should not exceed five cents and that transfer tickets should be furnished to enable passengers to make such continuous trip within the city, so that it was contemplated by both parties that the appellant would carry passengers from place to place within the city, as distinguished from such carriage from station to station in its general interurban business. It was stipulated in the cause that the appellant runs its cars on a regular schedule over its line, making regular stops at various points in the several villages and cities through which it passes, including the city of Canton, and that its cars also stop on signal at the several street intersections in the city of Canton. This stipulation amounts to an agreement that within the city of Canton the appellant pursues the same occupation as the ordinary street railway company, stopping on signal at any and every street intersection to receive and discharge passengers. By the ordinance granting the use of the street to the appellant it was to perform that service for a fare not exceeding five cents, and it has performed and is now performing the same duties and sustains the same relation to the city as a street railway company. The appellee therefore had a right to require the payment of the license or tax for each motor car operated by the appellant in such street railway business within the city.

The action of the court in holding and refusing propositions of law submitted was not inconsistent with the law governing the case.

The judgment is affirmed.                    *Judgment affirmed.*